GUNDRUM, J.[1]
¶1 RJM Remodeling & Development appeals from a judgment entered against it and in favor of Elizabeth Ballmann in the amount of $7220.10. For the following reasons, we affirm.
¶2 Ballmann hired RJM to construct an addition to a pre-existing deck at her home. Dissatisfied with the product RJM constructed, she brought suit against RJM. A court trial was held at which Ballmann and an expert witness testified on Ballmann's behalf, and Russell Maticek, the owner of RJM, testified on RJM's behalf and acted as its representative. Following testimony, the court found that RJM had constructed "a defective deck" for Ballmann, adding that Ballmann "can't in good consci[ence], sell her house without disclosing she has a deck" that was constructed without a permit and was "not done to code." The court ordered RJM to pay Ballmann back the full amount of the funds she paid for RJM to construct the deck. It entered judgment accordingly. RJM appeals.
¶3 RJM complains that the circuit court allowed Ballmann to present evidence of which it was not made aware prior to the trial, specifically a "new" inspection report and photographs. RJM complains that rather than "stay" this small claims court case, the court chose to give it "only a fifteen minute recess" to review these items. RJM asserts it was "unjust" that the court did not either preclude this evidence or stay the trial "to allow adequate discovery" related to the evidence.
¶4 We reject RJM's claim of error in that it develops no legal argument in support of the claim but merely asserts the court was "unjust" and conclusorily states that WIS. STAT. § 804.01 was "not adhered to." We do not address undeveloped arguments and will not abandon our neutrality to develop arguments for a party. See ABKA Ltd. P'ship v. Board of Review , 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999) ; Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Moreover, a circuit court's trial decisions related to the admission of evidence and whether to adjourn or "stay" a trial will be affirmed unless the court erroneously exercised its discretion. Marquez v. Mercedes-Benz USA, LLC , 2012 WI 57, ¶¶105, 115, 341 Wis. 2d 119, 815 N.W.2d 314. On appeal, it is appellant's (here RJM's) burden to demonstrate that the circuit court erred. See Gaethke v. Pozder , 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Because RJM develops no legal argument demonstrating that the court erroneously exercised its discretion-but only complains that the court did not handle the matter as it wished-RJM cannot prevail.
¶5 Significantly, RJM made no objection before the circuit court to the introduction of the evidence it now challenges or the amount of time the court afforded RJM to review it. Ballmann's expert witness testified with regard to the report during his direct examination, with no complaints from RJM. When it was RJM's turn to cross-examine the expert witness, RJM's owner, Russell Maticek, who was representing RJM, merely stated: "I never received a copy of this second report." The court then took a break from the proceedings, affording Maticek the opportunity to "read the report during the break." When the trial resumed, the court stated: "So Mr. Maticek, you have now been able to look at Exhibit 62 [the new report] during the break?" Maticek responded: "Yes. I mean, I skimmed over it." Maticek then proceeded to use the report in cross-examining the expert witness. Because RJM objected to neither the introduction of the report and photos it now challenges nor the amount of time afforded it by the court to review these exhibits, it forfeited these objections. See State v. Ndina , 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 ("[S]ome rights are forfeited when they are not claimed at trial; ... failure to object constitutes a forfeiture of the right on appellate review.").
¶6 Next, RJM complains that Ballmann did not afford it the opportunity to cure any defects because she would not allow RJM onto her property to do so. RJM admits this matter "was not addressed in the circuit court proceedings." As an appellate court, however, we do not address matters raised for the first time on appeal, see Brooks v. Hayes , 133 Wis. 2d 228, 241, 395 N.W.2d 167 (1986), so we decline to address this matter. If RJM believed this "right to cure" defense was a valid one for defending against Ballmann's suit, it was its responsibility to raise and develop the issue before the circuit court. RJM admits it did not do so and cannot now prevail on this issue before us. We are an error-correcting court. State v. Schumacher , 144 Wis. 2d 388, 407, 424 N.W.2d 672 (1988). As noted, it is an appellant's burden to demonstrate how the circuit court erred. Gaethke , 376 Wis. 2d 448, ¶36. RJM has not met that burden.
¶7 Lastly, RJM cites to WIS JI-CIVIL 3700 in asserting the circuit court erred in awarding Ballmann "the full cost of construction of the entire deck" rather than "the lesser of the cost of repair or the diminution of property value." It also states that "cost to repair was never investigated."
¶8 To begin, RJM fails to identify for us, and we are unable to find, anywhere in the record where it raised the issue of WIS JI-CIVIL 3700 to the circuit court. As indicated, we will not address issues raised for the first time on appeal. See Brooks , 133 Wis. 2d at 241. Furthermore, RJM develops no legal argument in support of this claim of error by the court, and, as stated, we will not address undeveloped arguments. See ABKA Ltd. P'ship , 231 Wis. 2d at 349 n.9. We additionally note that following the trial, the court ordered that RJM repay Ballmann the full amount she paid for the construction work done at her house because the problems with the work RJM performed could not be addressed simply with "repairs." The court noted that Ballmann now had "a defective deck" and that she "can't in good consc[ience], sell her house without disclosing" that she did not have a permit for the deck and that it was "not done to code." The court added: "When she sells her house, that's going to be a minus, not a plus." Lastly, while RJM complained to the circuit court, and similarly complains on appeal, about the court's order for full repayment to Ballmann, RJM presented no evidence and made no argument as to what alternative judgment amount would be more appropriate. RJM has failed to satisfy its burden of demonstrating the circuit court erred. See Gaethke , 376 Wis. 2d 448, ¶36.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.